# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHINGO LAVINE, ADAM LAVINE, AND AIKO LAVINE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN ACADEMY OF PEDIATRICS INC.,<br><br>Defendant. | Civil Action No.: _____<br><br>**NOTICE OF REMOVAL**<br>(Removed from the Superior Court of the State of New Jersey, Civil Division, Mercer County, Docket No. MER-L-000272-21) |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, American Academy of Pediatrics (hereinafter "AAP" or "Defendant")[1], by and through its undersigned attorneys, removes to this Court the action described below:

## Nature of the Action

1. AAP files this Notice of Removal upon Plaintiffs' September 7, 2021 Notice of Voluntary Dismissal filed as to Defendant Princeton Medical Group, P.A. ("Princeton Medical Group"), dismissing Princeton Medical Group with prejudice. Prior to that dismissal, the case was not removable under the "forum defendant rule" due to Princeton Medical Group's New Jersey Citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Thus, the case became removable on the basis of diversity of the parties on the effective date of the dismissal, September 7, 2021.

---

[1] AAP is incorrectly identified in the caption of the Complaint as "American Academy of Pediatrics Inc.

1

2. On or about February 4, 2021, Plaintiffs Shingo Lavine, Adam Lavine, and Aiko Lavine ("Plaintiffs") filed a complaint in the Superior Court of New Jersey, Civil Division, County of Mercer, Docket No. MER-L-000272-21, entitled *Shingo Lavine, et al. v. American Academy Pediatrics Inc., et al.* (the "State Court Action").

3. Attached hereto as **Exhibit A** is a copy of the Complaint (including the exhibits and attachments thereto), along with all other documents served upon Defendant and/or otherwise filed in the State Court Action, including but not limited to:

   a. Civil Action Summons and Notice of Service of Process served on Defendant AAP on February 22, 2021

   b. Affidavits of Service on AAP and Princeton Medical Group[2]

   c. Motion to Dismiss Briefing in the State Court Action

   d. Notice of Voluntary Dismissal of Princeton Medical Group

4. Defendant AAP is informed and believes that the aforementioned documents and exhibits constitute all of the process, and pleadings on file in the State Court Action.[3]

5. Because Plaintiffs filed the State Court Action in the Mercer County Division of the Superior Court of the State of New Jersey, this matter should be assigned to the Trenton Division of the United States District Court for the District of New Jersey. *See* Compl.

6. Plaintiffs served the Complaint and Summons on Defendant AAP's agent for service of process via a New Jersey process server on February 22, 2021. *See* Ex. A at 2-3.

---

[2] As explained herein, Princeton Medical Group was voluntarily dismissed from the case.
[3] AAP notes for the Court that Plaintiffs did attach Interrogatories and Requests for Production of Documents to their Complaint, which are directed to Defendant AAP and which are included in the attachment hereto as Exhibit A.

7. In the Complaint, Plaintiffs assert causes of action for intentional and constructive fraud against the Defendants, AAP and Princeton Medical Group, in relation to circumcisions allegedly performed on the Plaintiff Shingo Lavine on or about December 18, 1997 and January 21, 1998. *See* Compl., ¶¶ 6, 15.

8. As damages for these claims, Plaintiffs seek economic damages including consequential damages, emotional distress damages, punitive damages, attorney's fees and costs, interests and costs of suit, and "other relief," all in an unspecified amount. *See* Compl.

9. On September 7, 2021, Plaintiffs filed a Notice of Voluntary Dismissal of Princeton Medical Group and AAP is now be the only Defendant remaining in the case. *See* Ex. A at 271; N.J. Ct. R. 4:37-1(a) ("[A]n action may be dismissed by the plaintiff without court order by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment[.]").

**Basis for Removal**

10. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11. As required by Under 28 U.S.C. § 1441, Defendant AAP seeks to remove this case to the United States District Court for the District of New Jersey – Trenton Division, which is the District Court embracing the place where the State Court Action has been filed.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant because (1) there is complete diversity of

citizenship between Plaintiffs and Defendant; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

13. Venue lies in this Court because Plaintiffs' action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

## Citizenship of the Parties

14. **Plaintiff Citizenship**. Plaintiffs allege in the Complaint that Plaintiff Shingo Lavine ("Shingo") is a citizen of Rhode Island, and therefore he is a citizen of the State of Rhode Island for diversity purposes. Compl., ¶ 1.

15. **Plaintiff Citizenship**. Plaintiffs allege in the Complaint that Plaintiff Adam Lavine ("Adam") is a citizen of California, and therefore he is a citizen of the State of California for diversity purposes. Compl., ¶ 2.

16. **Plaintiff Citizenship**. Plaintiffs allege in the Complaint that Plaintiff Aiko Lavine ("Aiko") is a citizen of California, and therefore he is a citizen of the State of California for diversity purposes. Compl., ¶ 2.

17. **AAP's Citizenship**. Defendant AAP is an Illinois corporation with its headquarters and principal place of business in Itasca, Illinois. See attached as **Exhibit B**, Illinois Secretary of State Print Out. At its corporate headquarters in Itasca, Illinois, AAP's officers direct, control and coordinate its activities, and the majority of its executive administrative functions are performed there. Thus, AAP is a citizen of the State of Illinois. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010) (for purposes of removal, the "principal place of business" is determined by the

"nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities).

18. Accordingly, there is complete diversity between Plaintiffs, who are citizens of Rhode Island and California, and AAP, which is a citizen of Illinois.

### Amount in Controversy

19. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 194 (3d Cir. 2007). To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount-in-controversy is satisfied. *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 565 (D.N.J. 2000).

20. Here, the Complaint does not specify the amount of damages. However, a defendant may remove a suit to a federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. To that end, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and a defendant's allegations regarding federal court jurisdiction must be accepted as true unless and until otherwise contested by a plaintiff. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014).

21. Plaintiffs filed this action for damages alleging injury due to the alleged circumcisions and subsequent medical treatment performed on Plaintiff Shingo. *See* Compl. generally. Specifically, Plaintiff Shingo alleges that as a result of his circumcision procedures and subsequent medical treatment, he experienced "emotional distress, suffering, stress, pain, and mental anguish caused by the circumcisions." Compl. at 20. Plaintiffs bring two causes of action

for which they seek compensatory and other damages: intentional fraud and constructive fraud. *Id*. Plaintiffs also allege that they intend to seek punitive damages and other relief. *Id*.

22. It is widely recognized that personal-injury claims facially meet the $75,000.00 jurisdictional threshold. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000.00"); *Naji v. Lincoln*, 665 Fed. Appx. 397, 401 (6th Cir. 2016) (finding amount-in-controversy requirement met in a personal injury suit stemming from a car accident based on alleged disability costs alone, even without factoring in alleged medical expenses and pain and suffering); *Jefferies v. Seco Architectural Sys., Inc.*, No. 3:16-cv-171, 2017 WL 385776, *3 (E.D. Tenn. Jan. 25, 2017) (denying remand to state court when plaintiff sought damages for, among other things, "personal injuries including humiliation and embarrassment" after termination); *Wilson v. Walker*, 790 F. Supp. 2d 406, 410 (E.D. Pa. 2011) (denying remand to state court when plaintiff, injured in a car accident, sought damages including medical care and loss of earning potential, clearly exceeding $75,000).

23. Further, Plaintiffs' failure to specify an amount of damages does not defeat diversity jurisdiction. *See Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) (rejecting plaintiff's attempt to "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims" and stating that "policy and precedent counsel against rewarding such obfuscating tactics"). District "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062; *see also Pate v. State Farm Mut. Auto. Ins. Co.*, No. 3:10cv223/MCR/EMT, 2010 WL 3372195 (N.D. Fla. Aug. 25, 2010) (finding that where damages are not specified in the state court complaint, a court may look to the notice of removal and other

relevant evidence to determine whether the amount in controversy exceeds $75,000). Reliance on "judicial experience and common sense" can include reference to other cases alleging similar injuries. *See, e.g.*, *Overton v. Wyeth, Inc.*, No. CA 10-0491-KD-C, 2010 WL 4717048 (S.D. Ala. Oct. 29, 2010) (complaint alleging injuries caused by prescription drug did not specify amount of damages; court denied remand motion because other courts addressing similar injuries had valued the claims in excess of $75,000).

24. Hence, Plaintiffs' claims of severe and permanent personal injuries incurred by Plaintiff Shingo as a result of the alleged circumcisions and subsequent medical procedures, and the damages that they seek, exceed this Court's minimum $75,000 jurisdictional limit.

## **Removal is Otherwise Proper**

25. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, the case was not initially removable under the forum defendant rule because former Defendant Princeton Medical Group was a citizen of New Jersey. Under the "forum defendant rule," if any defendant is a citizen of the forum state, the case is not removable even if complete diversity exists. *See Roche*, 546 U.S. at 84. Once Plaintiffs filed their Notice of Voluntary Dismissal of Defendant Princeton Medical Group on September 7, 2021, the case became removable. Thus, removal now is timely because Defendant AAP filed this Notice of Removal within thirty days of receipt of the Notice of Voluntary Dismissal of Defendant Princeton Medical Group.

27752449v.1

26. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon or otherwise received by Defendant AAP are attached hereto as **Exhibit A**.

27. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Civil Division – Mercer County, and served upon all parties of record promptly after filing of this Notice of Removal.

28. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

29. By filing this Notice of Removal, Defendant does not waive any defenses either procedural or substantive, which may be available to them, including, but not limited to, their right to contest *in personam* jurisdiction, improper service of process or the absence of venue in this Court or in the court from which the action has been removed.

Dated: September 17, 2021

                                              Jared K. Levy
NJ I.D. No.   019132003
LibertyView | 457 Haddonfield Road, Suite 400 | Cherry Hill, NJ 08002-2220
856.317.3600
*Attorneys for Defendant American Academy of Pediatrics*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Andrew DeLaney, Esq.
Andrew DeLaney, Attorney at Law LLC
6 South Street, Suite 203
Morristown, New Jersey 07960
(973) 606-6090
Andrewdelaney21@gmail.com
*Counsel for Plaintiffs*

Dated:  September 17, 2021

*[signature: Jared K. Levy]*
Jared K. Levy
NJ I.D. No.     019132003
LibertyView | 457 Haddonfield Road, Suite 400 |
Cherry Hill, NJ 08002-2220
856.317.3600
*Attorneys for Defendant American Academy of Pediatrics*